IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

JEFFREY HARRISON, individually and on
behalf of all others similarly situated,

                      Plaintiff,

v.

FIRST HORIZON NATIONAL CORPORATION,

Serve: Clyde A. Billings Jr., Registered Agent
        165 Madison Ave.
        Memphis, TN 38103-0000

and,

FIRST HORIZON HOME LOAN CORPORATION,

Serve: The Corporation Company, Inc.
        515 S. Kansas Ave.
        Topeka, KS 66603-0000

                      Defendants.

Case No.   07-2404 JWL

Div.

## COMPLAINT

Plaintiff Jeffrey Harrison, individually and on behalf of all other similarly situated persons, by and through his undersigned counsel, for his Complaint against Defendants First Horizon National Corporation and First Horizon Home Loan Corporation (collectively "Defendants" or "First Horizon") states as follows:

### PARTIES

1.    Plaintiff Jeffrey Harrison is a citizen of the state of Texas and resides in Tarrant County, Texas. A copy of his Consent to Join this collective action is attached hereto as Exhibit. 1

SSH 0573-70194

2.      First Horizon National Corporation is a Tennessee corporation with its principal place of business in Tennessee. First Horizon National Corporation provides financial services in over 40 states, including Kansas, through "its 3 major brands", including First Horizon Home Loan Corporation. *See* http://www.firsthorizon.com/AboutUs.Home.cfm; *see also* http://www.shareholder.com/fhnc/downloads/2Q07Financials.pdf. First Horizon National Corporation can be served through its registered agent, Clyde A. Billings, Jr. at the above address.

3.      First Horizon Home Loan Corporation is a Kansas corporation with its principal place of business in Irving, Texas. First Horizon Home Loan Corporation provides mortgage banking services to consumers both locally and nationwide. First Horizon Home Loan Corporation can be served through its registered agent, The Corporation Company, Inc., at the above address.

## JURISDICTION AND VENUE

4.      The Fair Labor Standards Act of 1938, ("FLSA"), as amended, 29 U.S.C. § 201 *et. seq.*, in relevant part, authorizes court actions by private parties to recover damages for violation of the FLSA's overtime provisions. Jurisdiction over Plaintiff's FLSA claims is based upon Section 16(b) of the FLSA, 29 U.S.C. § 216(b), and 28 U.S.C. §§ 1331 and 1337.

5.      Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c), because First Horizon does business in this district and the unlawful conduct giving rise to the claims occurred in this district.

## FACTS

6.      First Horizon is one of the top 15 mortgage providers in the nation and maintains offices in more than 40 states throughout the country, including Kansas.

7. Plaintiff, and all other similarly situated persons, are current and former Enterprise Technologists ("Technicians") employed by First Horizon nationwide during the past three years.

8. All Technicians employed by First Horizon over the last three years had essentially the same job duties.

9. Plaintiff and all similarly situated persons acted as computer or technical support personnel for First Horizon's end users or other employees.

10. Plaintiff and all other similarly situated persons would communicate with First Horizon's employees about particular computer problems (both software and hardware), create a ticket, and then troubleshoot the problem.

11. Plaintiff and all similarly situated persons also were responsible for setup or configuration of individual workstations, working on the phone systems, and ordering various computer parts.

12. First Horizon requires its Technicians to be on call seven days a week for 24 hours a day. Even if a Technician left town, the Technician was responsible for responding to pages. Calls were frequently made by the Technician's supervisor requesting that the Technician return to the office to troubleshoot a problem.

13. Because they are constantly on call, are actually called frequently, and are unable to refuse calls, Technicians' personal freedom is severely limited. Plaintiff and all similarly situated persons are often unable to engage in personal activities such as movies or recreational activities, even on weekends. In addition, they are often unable to engage in personal travel.

14. During the past three years, Plaintiff, and all similarly situated persons, regularly worked far in excess of forty hours per week.

15. Technicians were required to arrive to work early and to stay late and frequently worked on Saturdays and Sundays.

16. Technicians were not required to record their time worked and First Horizon failed to maintain accurate time records as required by the FLSA.

17. Technicians have not been compensated for the substantial overtime hours worked.

## COLLECTIVE ACTION ALLEGATIONS

18. Plaintiff reasserts and re-alleges the allegations set forth in paragraphs 1 through 17 above.

19. Plaintiff brings the FLSA claims, as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b). Plaintiff, individually and on behalf of other similarly situated employees, seeks relief on a collective basis challenging First Horizon's practice of failing to accurately record all hours worked and failing to pay Technicians for all overtime hours worked, including on-call time.

20. The class of employees on behalf of whom Plaintiff brings this "opt-in" collective action are similarly situated because they have been or are employed in the same or similar position as individually-named Plaintiff and were subject to the same or similar unlawful practices as the individually-named Plaintiff. The number and identity of other Plaintiffs yet to opt-in and consent to be party Plaintiffs may be determined from the records of First Horizon, and potential Plaintiffs may easily and quickly be notified of the pendency of this action.

## COUNT I

### Violation of the Fair Labor Standards Act of 1938–Overtime Claims
### (Brought on Behalf of All Individual Plaintiffs and All Others Similarly Situated)

21.     Plaintiff reasserts and re-alleges the allegations set forth in paragraphs 1 through 20 above.

22.     At all material times herein, Plaintiff has been entitled to the rights, protections and benefits provided under the FLSA, 29 U.S.C. § 201 *et. seq.*

23.     The FLSA regulates, among other things, the payment of overtime pay by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

24.     First Horizon was, and is, subject to the overtime pay requirements of the FLSA because it is an enterprise engaged in commerce and its employees are engaged in commerce.

25.     First Horizon willfully violated the FLSA by failing to pay Technicians for overtime. In the course of perpetrating these unlawful practices, First Horizon has also willfully failed to keep accurate records of all hours worked by Technicians.

26.     Section 13 of the FLSA, 29 U.S.C. § 213, exempts certain categories of employees from the overtime pay obligations set forth under Section 7(a)(1) of the FLSA. None of the FLSA exemptions apply to Plaintiff. Accordingly, Plaintiff must be paid overtime pay in accordance with Section 7 of the FLSA.

27.     The individually-named Plaintiff and all similarly situated employees are victims of a uniform and company-wide compensation policy. This uniform policy, in violation of the FLSA, has been applied to all loan originators.

28.	Plaintiff and all similarly situated employees are entitled to damages equal to the mandated overtime premium pay within the three years preceding the filing of this Complaint, plus periods of equitable tolling, because First Horizon acted willfully and knew or showed reckless disregard for the matter of whether its conduct was prohibited by Section 6(a) of the Portal-to-Portal Pay Act, as amended, 29 U.S.C. § 255(a).

29.	First Horizon has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff and other similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime pay described above, pursuant to Section 16(b) of the FLSA.  Alternatively, should the Court find First Horizon did not act willfully in failing to pay overtime pay, Plaintiff and all similarly situated employees are entitled to an award of prejudgment interest at the applicable legal rate.

30.	As a result of the aforesaid willful violations of the FLSA's overtime provisions, overtime compensation has been unlawfully withheld by First Horizon from Plaintiff for which First Horizon is liable pursuant to 29 U.S.C. § 216(b), together with an additional equal amount as liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees and costs of this action.

## DESIGNATION OF PLACE OF TRIAL

Plaintiff hereby designates Kansas City, Kansas as the place of trial.

## DEMAND FOR JURY TRIAL

Plaintiff requests trial by jury of all issues so triable.

Dated: August 24, 2007

Respectfully submitted,

**STUEVE SIEGEL HANSON LLP**

/s/ George A. Hanson
_____
George A. Hanson          KS Bar #16805
hanson@stuevesiegel.com
Virginia Stevens Crimmins    KS Bar #20617
crimmins@stuevesiegel.com
460 Nichols Road, Suite 200
Kansas City, Missouri 64112
Telephone:    (816) 714-7100
Facsimile:    (816) 714-7101

ATTORNEYS FOR PLAINTIFF